*Law Library/Compiler*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| A.B. WON PAT INTERNATIONAL AIRPORT AUTHORITY, GUAM, ) ) ) ) | CIVIL CASE NO. CV1727-97 |
| Plaintiff ) ) | DECISION AND ORDER MOTION TO RENEW CONSENT |
| vs. ) ) | JUDGMENT AND ORDER TO PAY |
| HELENE ANDERSON dba VISUAL MARKETING GROUP, ) ) ) | |
| Defendant. ) ) | |

This matter came before the **HONORABLE ALBERTO E. TOLENTINO**, Magistrate Judge, on September 13, 2012. Janalynn Cruz Damian, Esq., was present for Plaintiff A. B. Won Pat International Airport Authority Guam. Defendant Helene Anderson appeared *pro se*. After having heard the parties' arguments, considering the parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On December 10, 1997, the A. B. Won Pat International Airport Authority Guam (hereinafter "GIAA") filed a complaint upon Defendant Helene Anderson's failure to pay on a promissory note. On January 13, 1998, a Consent Judgment and Order to Pay was filed against Defendant in favor of GIAA in the amount of $29,800.00 plus pre-judgment interest at the rate of 8% from September 5, 1997, until the date of judgment, attorneys' fees of $4,470.00, costs of $145.00, and post-judgment interest at the legal rate of 6% per annum until paid. The Defendant agreed and was ordered to make monthly payments of $700.00 until the judgment was paid.

Over the course of the next seven years, GIAA had pursued collection of the amount owed by the Defendant on the judgment including obtaining two writs of execution, filing notices of levy on the

Defendant's interest in certain real property located in Dededo, pursuing show cause hearings against the Defendant for her failure to adhere to court orders regarding payments, wage garnishments and entering into agreements with Defendant to make installment payments. According to GIAA, Defendant made payments through January 2004; but that she has since stopped making payments.

It appears undisputed that from January, 2004, and up to the time GIAA filed the instant Motion to Renew Consent Judgment on July 30, 2012, neither GIAA nor its lawyers did anything in pursuit of the judgment. According to GIAA, when new counsel was obtained it was unaware that Defendant was not making payments as required by the last installment payment order. Defendant asserts that due to certain circumstances regarding her health she was unable to consistently work and hence make payments on her various obligations, including GIAA's judgment against her. Defendant also states that during this period of time, GIAA's lawyer at the time did not contact her to follow up on payments and that she had assumed that GIAA had written off the debt.

Furthermore, between 2009 and January, 2012, Defendant tried to sell her property in Dededo; however, she was unsuccessful ostensibly because interested buyers became aware of the Notice of Levy on Real Property which GIAA had caused to be filed with the Department of Land Management in June, 1998. Defendant claims that each time a prospective buyer made an offer for the Dededo property she contacted GIAA's lawyer at the time to inquire of the balance of her debt but that there was no follow up on either the sale of the property or to make payments on the debt. Defendant does appear to have been told at some point that the lawyer was no longer counsel for GIAA.

GIAA filed a Motion to Renew Consent Judgment and Order to Pay pursuant to 7 GCA §23106 on July 30, 2012, along with a supporting declaration of the Executive Manager of the GIAA. Defendant filed her Opposition to the motion and included a Declaration in support of the opposition.

## DISCUSSION

GIAA seeks the Court's permission to renew the consent judgment and allow it to enforce its judgment against Defendant pursuant to the statute that provides:

> In all cases the judgment may be enforced or carried into execution after the time lapse of six years from the date of entry, by leave of Court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the taking affect of this section.

7 GCA § 23106 (1982)(formerly Section 685, Guam Code of Civil Procedure). After obtaining a judgment, a creditor may, at any time within five years after its entry, have a writ of execution issued for its enforcement. *See* 7 GCA § 23101 (formerly Section 681, Guam Code of Civil Procedure). This provision of Guam law "merely provides a limited time within which the judgment creditor may obtain the writ of execution as a matter of right." *Guam Economic Development Authority v. Ulloa*, 841 F.2d 990, 992 (9th Cir. 1988). Thereafter, the issuance of the writ calls for the exercise of the court's discretion as provided under 7 GCA § 23106. *Id.* (referring to former Section 685, Guam Code of Civil Procedure); *see also Lee v. Lee*, Superior Court Case No. CV1718-96 (Decision and Order, July 2, 2008).

The court observes that except for the substitution of a longer time requirement; 7 GCA § 23106 is virtually identical to the 1895 version of section 685 of California's Code of Civil Procedure. California case law interpreting that statute is persuasive authority. *Cf. Zurich Ins. (Guam), Inc. v. Santos*, 2003 Guam 23, ¶ 7. As stated by the Supreme Court of Guam, "California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *People v. Hall*, 2004 Guam 12, ¶ 18.". *Id.*; *see also Holmes v. Territorial Land Use Comm'n.*, 1998 Guam 8, ¶ 6 (observing that "since Guam's *mandamus* statutes were adopted from the California Civil Code, California cases applying the *mandamus* standard are persuasive authority"); *and Ueda v. Bank of*

*Guam*, 2005 Guam 23, ¶ 16 n.7 (finding "California case law [is] persuasive authority in the interpretation of Title 21 GCA § 1254, as that section was derived from California Civil Code § 711").

A court's decision of whether to grant or deny an application for enforcement pursuant to the statute is reviewed for an abuse of discretion. *Butcher v. Brouwer*, 21 Cal.2d 354, 359, 132 P.2d 205 (1942). The discretion the court must exercise has been described as:

> not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.

*Demens v. Huene*, 89 Cal.App. 748, 753, 265 P. 389 (Cal.Ct.App. 1928).

In discussing the pre-1933 interpretation of section 685 upon which 7 GCA § 23106 is derived, the California Supreme Court noted:

> [I]t has many times been construed by the appellate courts which held that although the enforcement of a dormant judgment by execution issued in response to the creditor's motion was a matter within the sound discretion of the court, mere lapse of time was not in itself a sufficient ground for denial of the motion. Nor did the failure of the judgment creditor to make any effort to enforce his judgment within five years after its entry, or at a later time, afford a ground for the denial of the motion. And the motion was properly granted although, during the five years following the judgment, the judgment debtor possessed property which could have been discovered and subjected to the judgment. As a practical matter, therefore, by this construction of the statute a creditor, almost as a matter of right, might obtain an execution may years after the five-year period fixed by [statute].

*Butcher*, 21 Cal.2d at 357. (internal citations omitted).

In 1933, the California Legislature added to section 685 the requirement that a creditor desiring an execution at a time more than five years following the entry of judgment must make his motion "after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code [and] the failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be ground for the denial of the motion." *Butcher*, 21 Cal.2d at 357.

4

In other words, the California Legislature amended its statute to require a demonstration of diligence by providing that the movant include an affidavit explaining his failure to proceed in compliance with section 681. *Guam Economic Dev. Auth. v. Ulloa*, 841 F.2d at 992. Guam's 7 GCA § 23106 does *not* incorporate this requirement. *Id.* at 993; *see also Mariano v. Castro*, Superior Court Case No. CV1600-09 (Decision and Order, September 23, 2009).

Turning to the instant case, Defendant argues that she should be relieved from satisfying the debt because of GIAA's lack of effort to collect on the judgment including its failure to contact the Defendant about her delinquent account; notwithstanding her maintaining the same residence and telephone number over the years. Furthermore, that despite her calls to GIAA's former counsel to remove the levy on the Dededo property so that the debt can be settled by the sale of the property; counsel never responded. Finally, she argues that she should not be penalized for the fact that GIAA changed its attorneys and that new counsel was not aware that Defendant's account had not been satisfied.

Unfortunately for Defendant, the passage of more than 10 years from the date of judgment and eight years from the last payment made against that judgment does not by itself justify denial of GIAA's request to renew. *See e.g., Lee v. Lee*, Superior Court Civil Case No. 1718-96 (Decision and Order, July 2, 2008)(motion to renew granted despite eight years of inactivity by Plaintiff to collect on judgment); *see also Doehla v. Phillips*, 151 Cal. 488, 91 P. 330 (Cal. 1907)(enforcement of judgment allowed notwithstanding fact that fourteen years passed without plaintiff making any effort to enforce judgment); *Harlan v. Harlan*, 154 Cal. 341, 98 P. 32 (Cal. 1908)(execution issued even after plaintiff allowed ten years to elapse without making any effort to compel payment).

In *Wheeler v. Eldred*, a plaintiff had obtained judgment of foreclosure that directed the sale of certain mortgaged lands; however, five years had elapsed without having attempted to seek the sale of the property and thereafter the plaintiff filed a motion for leave to carry the judgment into execution

5

pursuant to section 685 of the California Code of Civil Procedure. *Wheeler v. Eldred*, 121 Cal. 28, 29, 53 P. 431 (Cal. 1898). The Superior Court denied the application and plaintiff appealed. *Id*. In affirming the lower court's order, the Supreme Court of California rejected the argument that under the statute, the court had no discretion to refuse the judgment creditor's application for execution pursuant to section 685 of the Code of Civil Procedure. *Id*. at 30. The court held that "the provision of said section 685 that "the judgment may be enforced by leave of the court," is permissive as regards the power given to the court in actions like the present, and that the court must determine in the exercise of sound discretion whether the dormant judgment shall be enforced." *Id.*(quotations in original). It reasoned that "[a]side from authority, it seems to us manifestly politic, at least in actions where title to real property is involved, that the court should not be bound to allow the enforcement of the judgment after lapse of five years; otherwise the judgment becomes a perpetual encumbrance by mere neglect of the owner thereof to execute it." *Id*.

Additionally, in an appeal involving the vacation of an order for a writ of execution pursuant to California Code of Civil Procedure 685, the plaintiff, as an assignee of a claim against defendant, twice obtained a judgment by default against the defendant. *Creditors Adjustment Co. v. Newman*, 185 Cal. 509, 197 P. 334 (Cal. 1921). Nothing was collected on the latter judgment and, after the lapse of over five years from the date of entry of the judgment plaintiff obtained an *ex parte* order for issuance of an execution pursuant to Civil Code 685. *Id*. at 510-511. Upon noticed motion by the defendant, the court set aside the order, execution, and levy. *Id*. Following this, the plaintiff made a second application for issuance of another writ of execution which was granted and execution issued and a levy on property of defendant was obtained. *Id*. Defendant again applied for and obtained an order vacating the order for execution, recalling the second writ and denying further relief under the judgment. *Id*. It was upon this second order that plaintiff appealed. The Supreme Court of California upheld the order vacating the order of execution on the basis of *res judicata*; however, not before determining the propriety of the

6

first order vacating the execution and finding that the lower court was justified in recalling the order of execution. *Id.* at 512-513. It was observed that the lower court 's exercise of discretion was predicated upon its conclusion that its initial order of execution was "inadvertently made, that the judgment was obtained for a bill of millinery, which millinery was destroyed by fire of April 18, 1906, and that the plaintiff's assignors – plaintiff being merely a collection agency - recovered ninety per cent of the judgment through insurance, that defendant offered to pay one hundred dollars, which amount is more than the remaining ten percent of the judgment, that it would be unconscionable that the plaintiff should have its bill paid twice." *Id.* (internal quotations omitted).

And in another case, judgment was awarded against defendants and plaintiff sought to execute on the judgment approximately nine and a half years later by *ex parte* motion. *Demens v. Huene*, 89 Cal.App. 748, 265 P. 389 (Cal.Ct.App. 1928). The trial court ordered that execution issue; however, shortly thereafter the defendants filed a motion with affidavits to recall the same and the court granted the motion. The issue before the appellate court was whether or not the lower court abused its discretion when it ordered the vacation of the order authorizing the issuance of the execution. *Id.* at 752. The defendants' affidavits averred that up until four years after the judgment was obtained they were possessed of and owned ample personal property consisting of furniture and leases in and of several apartment houses to have satisfied the judgment though execution but that no effort was made to levy execution and no demand for payment was made and that up to that date the plaintiff knew these facts and knew or had the means of knowing the defendants' whereabouts. *Id.* at 753. The appellate court found the lower court's factual basis for recalling the execution did not constitute legal grounds upon which the court's discretion could act to deny the application of the benefits of the statute to the plaintiff. *Id.* at 755-756. The court reasoned that the motion for execution was provided by law and that there must be something more than the mere fact of the expiration of time and that judgment debtors

7

were possessed of personal property which would move the court to deny the right given by the statute, section 685 of the Code of Civil Procedure. *Id.* 753-754.

Unlike the situation in *Wheeler*, GIAA does not have a judgment that provides for the sale of real property nor was the promissory note upon which the suit was based secured by any real property of the Defendant. Rather, the levy upon the Defendant's interest in the Dededo property was but a single step in the process of executing on the judgment by perfecting its ability to potentially look to the property for payment of the debt. As noted by the Defendant herself, the levy is not effective to bind the property for a longer period than one year from the date of issuance, *see* 7 GCA § 23109; and, in fact, she purportedly transferred her interest in the property to her husband knowing of this infirmity. Thus, the concern which apparently justified denial of the motion to issue the writ in *Wheeler* is not present in this matter.

Furthermore, according to GIAA, the Defendant has paid approximately $8,177.00 and that the outstanding balance due on the Consent Judgment and Order to Pay is $57,383.12, inclusive of pre-and post-judgment interest. Nothing else has been collected from other sources nor does it appear that there any other circumstance which would demonstrate cause to impel the court to exercise its discretion and deny enforcement of the judgment. Nor can it be said that merely because GIAA failed to proceed against the property interest of the Defendant in the Dededo property it should be prevented from seeking to enforce this judgment.

There is nothing in the record nor has any evidence or argument before the court which would warrant a conclusion that enforcement of the judgment in this case should not be allowed. While the misfortune that has beset the Defendant over the years may have certainly contributed to the lack of resolution of the matter and the apparent negligence of GIAA's counsel in following up with payments or responding to inquiries may have been interpreted as giving up on collecting the debt; the fact of the matter is that GIAA did not and has not done so and continues to try to collect on the judgment. GIAA

8

is entitled to request for the enforcement of its judgment after the lapse of time herein alleged and there is nothing that this court can discern which would justify the denial of the benefit that 7 GCA §23106 gives to GIAA.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that A. B. Won Pat International Airport Authority Guam's Motion for Renewal of Consent Judgment and Order to Pay is **GRANTED**.

So **ORDERED** this day of _22nd_ October, 2012.

**HONORABLE ALBERTO E. TOLENTINO**
**MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM**

... the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

OCT 2 2 2012

Cynthia T. Tiong
Deputy Clerk, Superior Court of Guam